# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

DANIEL DISTEFANO, individually and on behalf of all others similarly situated,

*Plaintiff,*

v.

CONDUENT INCORPORATED and CONDUENT BUSINESS SERVICES, LLC,

*Defendants.*

Case No. _____

Removed from the Circuit Court for Milwaukee County, Wisconsin

Case No. 2026CV001826

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Conduent Incorporated and Conduent Business Services, LLC (together, "Conduent") hereby remove this action captioned *Daniel DiStefano v. Conduent Inc., et al.*, Case No. 2026CV001826 (the "State Court Action"), from the Circuit Court for Milwaukee County, Wisconsin, to the United States District Court for the Eastern District of Wisconsin. This Court has original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because minimum diversity exists and the amount in controversy exceeds $5 million. Removal is warranted based on the following[1]:

---

[1] By filing this Notice of Removal, Conduent does not waive, and expressly reserves, the right to object to personal jurisdiction or venue, and also specifically reserves the right to assert any defenses and/or objections to which it may be entitled. Conduent also expressly reserves all rights to challenge the Complaint (including the relief sought therein), or any later amended complaints, on the merits, on jurisdictional, or any other appropriate grounds.

1

## BACKGROUND

1. On February 27, 2026, plaintiff Daniel DiStefano ("Plaintiff"), individually and on behalf of all other similarly situated individuals, commenced a putative class action by filing a complaint in the State Court Action against Conduent. A true and correct copy of the complaint filed in the State Court Action is filed herewith as **Exhibit A**.

2. Conduent was served with the Summons and Complaint on March 13, 2026.

3. The Complaint alleges that Conduent acted tortiously in connection with a cybersecurity incident involving Conduent that occurred between October 21, 2024 and January 13, 2025 (the "Incident").

4. Specifically, Plaintiff alleges that his personal information was compromised during the Incident and asserts four causes of action against Conduent: (1) negligence; (2) negligence *per se*; (3) unjust enrichment; and (4) declaratory and injunctive relief. *See* **Ex. A** (Compl.) ¶¶ 107-168.

5. No other pleadings or substantive filings (*i.e.*, answers, state court orders terminating or dismissing parties, responses, etc.) have been filed in the State Court Action.

6. Over thirty similar actions related to the Incident have already been consolidated in the United States District Court for the District of New Jersey in front of the Honorable Judge Michael E. Farbiarz and the Honorable Magistrate Judge Michael A. Hammer. *See In re: Conduent Business Services Data Breach Litigation*, Case No. 2:25-cv-16953 (D.N.J.).

7. As explained below, because Plaintiff seeks to represent a large class with an amount in controversy over $5,000,000, the requirements of 28 U.S.C. §§ 1331 and 1332(d) are satisfied and removal is proper pursuant to 28 U.S.C. § 1441(b) and (c).

2

8. A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Here, the Complaint supports jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

9. CAFA provides for original jurisdiction over class actions that meet three criteria: (1) minimal diversity between at least one putative class member and one defendant; (2) a putative class of at least 100 members; and (3) an amount in controversy over $5,000,000. 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B); *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). Significantly, the usual presumption against removal does not apply to actions removed under CAFA, "which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

**A. This Action Meets the "Class Action" Definition Under CAFA.**

10. The State Court Action is a "class action." CAFA provides:

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representatives as a class action…

28 U.S.C. § 1332(d)(1)(B). CAFA further provides "[t]his subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).

11. Plaintiff filed the State Court Action as a putative class action. *See* **Ex. A** (Compl.) ¶ 92 ("Plaintiff brings this action … on behalf of herself and the following Class"). The caption page of the Complaint is titled "CLASS ACTION COMPLAINT," *id.* at p. 3, and Plaintiff expressly asserts that the State Court Action is brought pursuant to Wisconsin Statutes section

3

803.08, which governs class actions under Wisconsin's rules of civil procedure. *Id.* ¶¶ 92, 95; *see* Wis. Stat. § 803.08.

12.      Plaintiff also asserts that he seeks to represent a class, defined as:

> All individuals within the United States of America whose PHI/PH was exposed to unauthorized third-parties as a result of the data breach experienced by Defendant.

**Ex. A** (Compl.) ¶ 92.

### B.      The Putative Class Exceeds 100 Members.

13.      CAFA requires that "the number of members of all proposed plaintiff classes in the aggregate" must be at least 100 members. 28 U.S.C. § 1332(d)(5)(B).

14.      Plaintiff alleges that there are at least 10,515,849 individuals whose data has been affected by the Incident. **Ex. A** (Compl.) ¶ 10.

### C.      The Action Meets CAFA'S Minimal Diversity Requirement.

15.      Under CAFA's "minimal diversity" requirement, at least one "member of [the] class of plaintiffs [must be] a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Sabrina Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)). This minimal diversity requirement is an exception to the "complete diversity" otherwise required under 28 U.S.C. § 1332(a) and "expand[ed] … the statutory diversity jurisdiction" for class actions. *Hart*, 457 F.3d at 676–77 (citing 28 U.S.C. § 1332(d)(2)).

16.      Here, the minimal diversity requirement is satisfied.

17.      Plaintiff is a citizen of Wisconsin. *See* **Ex. A**, Compl. ¶ 12 ("Plaintiff Daniel DiStefano is an adult, who at all relevant times, is a resident in the State of Wisconsin.").

4

18.     "For natural persons, state citizenship is determined by one's domicile" *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993). For purposes of diversity citizenship jurisdiction, citizenship is determined by the individual's domicile at the time the lawsuit is filed. *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012). Plaintiff alleges he is a resident of Wisconsin. **Ex. A** (Compl.) ¶ 12. There is no indication that Plaintiff has been a citizen of some other state or intends to reside elsewhere. Plaintiff, therefore, is domiciled in Wisconsin. *See Gilbert v. David*, 235 U.S. 561, 569 (1915) (holding that a person is a citizen of the state in which they have their domicile—a permanent home where they intend to remain or intend to return); *see also O'Neal v. Atwal*, 425 F. Supp. 2d 944, 947 (W.D. Wis. 2006) ("domicile continues until the individual adopts a new domicile by moving to another state and demonstrating his intent to remain in that new state indefinitely").

19.     Plaintiff alleges that Conduent Incorporated is a New York corporation with its principal place of business at 100 Campus Drive, Suite 200, Florham Park, New Jersey 07932. **Ex. A** (Compl.) ¶ 13.

20.     For purpose of diversity jurisdiction, a corporation is a citizen of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated. 28 U.S.C. § 1332(c)(1); *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998). Thus, Conduent Incorporated is a citizen of New York and New Jersey.

21.     Plaintiff alleges that Conduent Business Services LLC is a Delaware limited liability company with its principal place of business at 100 Campus Drive, Suite 200, Florham Park, New Jersey 07932. **Ex. A** (Compl.) ¶ 14.

22.     For purpose of diversity jurisdiction, "the citizenship of an LLC for purposes of diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731

(7th Cir. 1998). Conduent Business Services, LLC is a wholly owned subsidiary of Conduent Incorporated. Thus, Conduent Business Services, LLC is a citizen of New York and New Jersey.

23. As noted above, Plaintiff seeks to represent a putative class of "individuals within the United States of America whose PHI/PH was exposed to unauthorized third-parties as a result of the data breach experienced by Defendant." **Ex. A** (Compl.) ¶ 92.

24. Because this putative class includes individuals, including Plaintiff himself, who are not citizens of New York or New Jersey, the requisite "minimal diversity" is established.

**D.    This Action Meets CAFA's Amount-in-Controversy Requirement.**

25. CAFA creates original jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The claims of the individual class members are aggregated to determine whether the matter in controversy exceeds $5,000,000.00. 28 U.S.C. § 1332(d)(6).

26. "[A] defendant's notice of removal need include only a plausible allegation" that the requirements of CAFA are satisfied. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Evidence establishing the amount in controversy is required only when the plaintiff contests or the court questions a defendant's assertion. *Id.*

27. Conduent denies the validity and merit of Plaintiff's alleged claims and disputes that this action is appropriate for class treatment under Federal Rule of Civil Procedure 23. But for purposes of setting the grounds for this Court's subject matter jurisdiction—and without conceding that Plaintiff or the putative class are entitled to any damages or any relief whatsoever—it is apparent from the Complaint that Plaintiff seeks sufficient damages on behalf of himself and the class to satisfy CAFA.

6

28. "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart*, 574 U.S. at 87. "To satisfy the amount-in-controversy requirement, a removing defendant may rely on the complaint's allegations, the plaintiff's informal estimates, affidavits from employees or experts, or other sources." *Schutte v. Ciox Health, LLC*, 28 F.4th 850, 854 (7th Cir. 2022). Once the removing party meets its burden of plausibly alleging the amount in controversy, "the case belongs in federal court unless it is **legally impossible** for the plaintiff to recover that much." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) (emphasis added).

29. Plaintiff seeks to represent a nationwide class of individuals within the United States whose personal information was involved in the Incident. **Ex. A** (Compl.) ¶ 92.

30. Plaintiff alleges that there are at least 10,515,849 individuals whose data has been affected by the Incident. **Ex. A** (Compl.) ¶ 10.

31. Plaintiff asserts claims for negligence, negligence *per se*, unjust enrichment, and declaratory and injunctive relief. *See* **Ex. A** (Compl.) ¶¶ 107-168. Plaintiff prays for the following relief, *inter alia*: (1) permanent injunctive relief; (2) compensatory, consequential, and general damages, including nominal damages if appropriate; (3) disgorgement and restitution of all earnings, profits, and benefits received by Conduent; and (4) costs of suit, including attorneys' fees. *Id.* at p. 41.

32. Given the size of the putative class, even nominal damages of one dollar per class member would add up to $10,515,849.00, far exceeding CAFA's amount in controversy threshold. *Id.* ¶ 10. Any substantial award of "compensatory, consequential, and general damages," as Plaintiff seeks, would push the amount in controversy further above the bar.

33. Plaintiff alleges that the putative class's damages include "Out-of-pocket expenses for credit monitoring, mitigation efforts, and fraud prevention tools[.]" **Ex. A** (Compl.) ¶¶ 71(5), 131. Plaintiff ostensibly deems Conduent's offer of 12 months of free credit monitoring (*see id.* ¶ 31) to be insufficient. Presumably, Plaintiffs will seek damages in the form of credit monitoring services for at least an additional year, for all noticed individuals.

34. The price of credit monitoring services can range from $10 to $30 per month on average, with a typical term of at least one year or longer. *See, e.g., Remijas v. Neiman Marcus Grp.*, LLC, 794 F.3d 688, 694 (7th Cir. 2015) (noting credit monitoring services through Experian cost $4.95 for the first month, and then $19.95 per month thereafter); *Linman v. Marten Transp., Ltd.*, No. 22-CV-204-JDP, 2023 WL 2562712, at *2 (W.D. Wis. Mar. 17, 2023) (finding it plausible that class members could incur over $143 in credit monitoring expenses); *Porras v. Sprouts Farmers Mkt., LLC*, EDCV161005, 2016 WL 4051265, at *3 (C.D. Cal. July 25, 2016) (finding the cost of three years of credit monitoring services at $15.95 per month for each class member to be a reasonable estimate of damages for the purposes of the amount in controversy requirement under CAFA). For credit monitoring services at $15.95 per month, even a single year of additional credit monitoring for the alleged class of over 10 million U.S. individuals who received a notice of the Incident residents would add approximately $159,500,000.00 to the amount in controversy.

35. Moreover, a defendant's cost of compliance with an injunction counts towards CAFA's amount in controversy requirement. *See Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011) (counting cost of complying with injunction towards CAFA amount in controversy); *Garza v. Nestle USA, Inc.*, 693 F. Supp. 3d 903, 908 (N.D. Ill. 2023) ("If injunctive relief contributes to the amount in controversy, then the Court has jurisdiction."); *Dart v.*

8

*Craigslist, Inc.*, 665 F. Supp. 2d 961, 964 (N.D. Ill. 2009) ("we may consider the cost to Craigslist of complying with an injunction to determine whether this lawsuit satisfies the amount-in-controversy requirement"). Accepting as true, for purposes of this Notice of Removal only, that Plaintiff and the putative class are entitled to injunctive relief, the cost of complying with the requested injunctive relief, including a change in Conduent's alleged business practices, thus also adds to the amount in controversy.

36. Accordingly, without conceding the merit of the Complaint's damages allegations or causes of action, the amount in controversy requirement under CAFA is satisfied.

37. In short, because this is a putative class action allegedly consisting of more than 100 members with minimal diversity seeking more than $5,000,000 in damages, all of CAFA's requirements are satisfied.

## VENUE

38. Removal to this Court is proper because this District embraces Milwaukee County, Wisconsin, where the State Court Action was filed. 28 U.S.C. § 84(a).

## PROCEDURAL REQUIREMENTS FOR REMOVAL

39. All other requirements for removal are met.

40. A true and correct copy of all process, pleadings, and orders in this action are attached as **Exhibit B** hereto. *See* 28 U.S.C. § 1446(a); *see also* **Ex. A** (Compl.).

41. This Notice of Removal is filed within 30 days after Conduent's receipt, through service or otherwise, of the initial pleading setting forth a claim for relief upon which this action is based. *See* 28 U.S.C. § 1446(b). Accordingly, Conduent's removal of this action is timely.

42. No previous request has been made for the relief requested herein.

9

43. Conduent will file a copy of this Notice of Removal with the Milwaukee County Circuit Court, the state court in which this action is currently pending, as required by 28 U.S.C. § 1446(d). Conduent's Notice to Plaintiff of Filing of Notice of Removal is also being filed and served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Conduent, pursuant to 28 U.S.C. § 1441, respectfully removes this action from Circuit Court of Milwaukee County, Wisconsin, to the United States District Court for the Eastern District of Wisconsin.

Date: April 10th, 2026

Respectfully submitted,

*Electronically signed by Daniel G. Murphy*
Daniel G. Murphy
WI Bar ID No. 1097740
Sadie Hobbs
WI Bar ID No. 1125885
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone: (414) 298-1000
E-mail:  dmurphy@reinhartlaw.com
E-mail:  shobbs@reinhartlaw.com

*Counsel for Defendants Conduent Incorporated and Conduent Business Services, LLC*

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 10, 2026, the foregoing document was served via the Court's CM/ECF system on all counsel of record.

*/s/ Electronically signed by Daniel G. Murphy*
Daniel G. Murphy